AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Jayson Chung,<br>Defendant(s) | Case No. 21-8418-BER |

FILED BY ___TM___ D.C.
Oct 28, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   October 23, 2021   in the county of   Palm Beach   in the
Southern   District of   Florida   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Illegal reentry into the United States |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Aisha Rahman, HSI Special Agent
Printed name and title

Attested to me telephonically by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1

Date:  10/28/21

_____
Judge's signature

City and state:   West Palm Beach, Florida   Bruce E. Reinhart, U.S Magistrate Judge
Printed name and title

## AFFIDAVIT

Your affiant, Aisha A. Rahman, first being duly sworn, does hereby depose and state as follows:

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), and have been so employed for one year. Prior to federal employment, I worked for the Port St. Lucie (Florida) Police Department for nearly five-and-a-half years, serving in the capacity of a Police Officer, and a Persons Crimes Detective. Among my responsibilities as an HSI Special Agent, I am trained and empowered to investigate crimes against the United States, as more fully described in Titles 8, 18, 19 and 21 of the United States Code, amongst others.

2. The facts set forth in this affidavit are based on my personal knowledge; information obtained in this investigation from others, including other law enforcement officers; my review of documents, pictures and computer records related to this investigation; and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me and law enforcement concerning this investigation, but have set forth only those facts necessary to establish probable cause to believe that on or about October 23, 2021, Jayson Chung ("CHUNG") committed the offense of illegal reentry into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

## Probable Cause

3. On October 23, 2021, at approximately 11:12 p.m., U.S. Customs and Border Protection (CBP), Air and Marine Operations (AMO), notified Homeland Security Investigations

(HSI) West Palm Beach of the attempted intercept of an inbound vessel approximately two miles north of the Boynton Beach Inlet, and approximately two miles east offshore.

4. CBP AMO observed the target of interest (TOI) traveling westbound from the open ocean towards the United States. The TOI approached a 41-foot marked CBP vessel. The CBP vessel was equipped with emergency blue lights, sirens, dual spotlights, and deck lights. The crew consisted of three sworn, certified, and uniformed federal law enforcement officers, a Vessel Commander (VC), Tactical Boarding Officer (TBO) and Crewmember. As the TOI approached the CBP vessel, the CBP vessel commander ("VC") maneuvered in a position to conduct an investigatory stop. The VC energized the law enforcement emergency blue lights, spotlights, and deck lights to conduct an investigatory stop of the TOI. The captain of the TOI looked directly back at the CBP vessel and slowed down the vessel. As the CBP vessel began to position alongside the TOI for boarding, the TOI captain pushed the throttles down, causing the TOI to suddenly accelerate. Because of the captain's actions to fail to obey the lawful order of an authorized federal law enforcement officer to heave to, the VC requested the deployment of two warning shots (aerial diversionary device) in accordance with the AMO Small Boat Interdiction Policy (SBIP). The TBO successfully deployed two warning shots well forward of the TOI. The captain of the TOI continued making evasive maneuvers. Due to the proximity of the shoreline, the VC instructed the crew of the CBP vessel to abort SBIP. The captain of the TOI continued on a westbound course at approximately 40 knots, ultimately beaching the TOI in the approximate location of Manalapan, Florida, in Palm Beach County.

5. Upon beaching the TOI, all occupants exited the vessel and attempted to flee the area on foot to avoid law enforcement detection.

6.  Law enforcement arrived on scene shortly thereafter and apprehended eleven of the estimated at least sixteen total occupants who disembarked the vessel. The eleven occupants consisted of seven adult Jamaican males, three adult Jamaican females, and one minor Jamaican male. One of the adult males, Jayson CHUNG, and one of the adult females required medical attention and were transported to JFK Medical Center. They remained in U.S. Border Patrol custody and supervision while at the hospital. The other occupants were transported to the U.S. Border Patrol Station in Riviera Beach, Florida for processing. On or about October 27, 2021, CHUNG was discharged from the hospital and transported to the U.S. Border Patrol Station in Riviera Beach for administrative processing.

7.  The Integrated Automated Fingerprint Identification System (IAFIS) and the DHS Fingerprint Identification System (IDENT) returned a positive match of CHUNG's fingerprints confirming his removal from the United States in 2013, following criminal convictions for felony possession of cannabis, and convictions related to false claims to U.S. citizenship and Social Security fraud. CHUNG was later encountered and arrested in the U.S. again, and was convicted in 2019 for violating Title 8, United States Code, Section 1326(a) (illegal reentry after removal) in federal district court for the Southern District of Florida.

8.  Records checks show that CHUNG is an alien and a Jamaican national, and there is no record of CHUNG having obtained permission from the Department of Homeland Security or the Attorney General to reapply for admission to the United States.

9.  On or about October 27, 2021, HSI Special Agents conducted an interview with CHUNG at the Border Patrol Station. CHUNG was advised of his *Miranda* warnings in the English language which he was able to understand. CHUNG waived his rights and elected to speak with the interviewing agents. CHUNG essentially stated the following. CHUNG stated that he paid to

be smuggled from the Bahamas into the United States. About one-and-a-half months ago, CHUNG flew from Jamaica to Nassau. Shortly after, he was transported from Nassau to Freeport, Grand Bahama Island by boat. On Saturday October 23, 2021, at around 5 p.m. to 6 p.m., CHUNG boarded the TOI in Freeport with at least twelve other Jamaicans and departed towards the United States. CHUNG believed that the captain and co-captain were of Bahamian nationality due to their distinguishable accent. CHUNG stated that he and every passenger on the vessel were provided with life jackets. CHUNG stated that the boat ride was rough due to the sea. At one point, he heard gunshots and heard a speaker with someone making commands to stop the boat. When the boat stopped, CHUNG exited the cabin and saw they were on land. CHUNG stated he immediately left the area, climbed over a fence, tripped in a ditch, and was then apprehended by law enforcement. CHUNG admitted to knowing that his method of entry into the U.S. was illegal, but he did not want to stay in Jamaica.

10. Based on the foregoing, your affiant respectfully submits that probable cause exists to find that on or about October 23, 2021, Jayson CHUNG committed the offense of illegal reentry into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
AISHA A RAHMAN
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to me telephonically by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 on the __28__ day of __October__, 2021.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendants:   Jayson Chung

Case number:   21-8418-BER

**Charge:**

Illegal reentry into the United States, in violation of Title 8, United States Code, section 1326(a)

**Maximum Penalties:**

Pursuant to Title 8, United States Code, section 1326(b)(1), the penalties are:

Maximum of twenty years' imprisonment
Supervised release of up to three years
Fine of up to $250,000
$100 Special Assessment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-8418-BER

UNITED STATES OF AMERICA

v.

JAYSON CHUNG,

        Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___ Yes ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? ___ Yes ✓ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: *Marton Gyires*

MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501696
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: 561-820-8711
Fax: 561-820-8777
Email: marton.gyires@usdoj.gov